UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY HOLLOWAY #159258,

    Plaintiff,

v.                                     Case No.  2:14-cv-83
                                       HON.  ROBERT HOLMES BELL

DUNCAN MCLAREN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Randy Holloway, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Duncan MacLaren,[1] Lawrence Hough, and Peter Hubbard.  Plaintiff's amended complaint was originally dismissed for failing to exhaust administrative remedies, but the Sixth Circuit reversed that decision.  (ECF No. 35.)  Defendants have now moved for summary judgment, pursuant to Federal Rules of Civil Procedure 56(a).  (ECF No. 55.)  Plaintiff responded.  (ECF No. 57.)  Defendants replied.  (ECF No. 58.)  This matter is now ready for decision.

Plaintiff's allegations arise from his incarceration at Kinross Correctional Facility (KCF). Between March 13, 2013, and May 1, 2013, Plaintiff was placed in a six-man segregation cell.  PageID.238. The cell did not have a sink or a toilet.  PageID.238.  Therefore, inmates could not use a bathroom unless they were let out by a prison guard.  PageID.238.

---

[1] Although the spelling in the caption of this case is "McLaren," Defendants' spell the name "MacLaren." PageID.173.

Similarly, inmates did not have access to drinking water except for a small Stryofoam cup each inmate was allowed to keep in the cell. PageID.230. If an inmate needed to use the restroom, the inmate had to gain the attention of a prison guard by knocking or sliding a piece of paper under the door. PageID.238. Plaintiff alleges that if a guard was not available, the inmates would either have to hold it or use a garbage bag. PageID.238. Plaintiff now claims that Defendants violated his Eighth Amendment rights by denying access to drinking water and the use of a toilet.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence

of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants argue that they are entitled to qualified immunity because they lacked the requisite personal involvement in this case. The Sixth Circuit has held that "liability under § 1983 must be based on more than *respondeat superior*." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). In other words, liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Id.* (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998). "'At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Id.* (quoting *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir.1982)).

In this case, Plaintiff has failed to show that Defendants Hough and Hubbard had the requisite personal involvement required to be held liable. In affidavits and discovery responses, Defendants Hough and Hubbard stated that they are employed as inspectors at Chippewa Correctional Facility and not KCF. PageID.192-220. Both Defendants affirmatively deny ever inspecting the segregation cells at KCF. In response, Plaintiff states in his affidavit that "M.D.O.C. electronically stored information clearly [verifies] that Peter Hubbard and Lawrence Hough 'did' perform inspection duties at K.C.F." PageID.249. However, Plaintiff never provides any information regarding this "electronically stored information." In his complaint, it appears that Plaintiff is suggesting that Defendants Hough and Hubbard were investigators during his grievance process, but Plaintiff does not present any evidence supporting this allegation. PageID.31. Moreover, Plaintiff does not present any additional evidence proving

that Defendants Hough and Hubbard had any involvement in this case. Plaintiff's bald assertions simply are not sufficient to create an issue of fact. Therefore, in the opinion of the undersigned, Defendants Hough and Hubbard lacked the requisite personal involvement and are entitled to judgement as a matter of law.

Similarly, Plaintiff has failed to show that Defendant MacLaren, the warden at KCF, had the requisite personal involvement. Plaintiff's theory of liability against Defendant MacLaren is based solely on the theory of *respondent superior*. Plaintiff argues that it "stands to reason that Duncan McLaren, as warden of KCF, would have been well aware of the treatment of inmates at KCF." PageID.246. To support his argument, Plaintiff points out that Defendant MacLaren issued the response in Plaintiff's Step II grievance. Yet, the Step II grievance was "reviewed by the Warden's office" and actually signed by Deputy Warden Olsen. PageID.224. Still, assuming Defendant MacLaren had some involvement in reviewing the grievance, the response states that inmates were allowed to have a Styrofoam cup of water inside the cell and that the prison guards should open the cell doors hourly, if needed, to allow access to bathrooms. PageID.224. The issue in this case is that the prison guards were not opening the cell doors hourly—either they were not available at that moment, or they delayed opening the cell doors because they were in a "bad mood." PageID.31. Assuming these allegations are true, Defendant MacLaren cannot be liable for the prison guards who failed to open the cell doors. Defendant MacLaren was only a supervisory official. A supervisory official's awareness of a complaint of allegedly illegal conduct, and his subsequent failure to take corrective action, is insufficient to trigger § 1983 liability. *See Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). Because Defendant MacLaren lacks the requisite personal involvement and 42 U.S.C. § 1983 does not permit the imposition of liability based upon *respondeat superior*, Plaintiff cannot sustain his

claim against Defendant Maclaren.  Therefore, in the opinion of the undersigned, Defendant MacLaren is entitled to a judgment as a matter of law.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's motion for summary judgment.  Because Defendants did not have the requisite personal involvement in this case, it is unnecessary to determine if Defendants actions violated clearly established law.  Accordingly, it is recommended that Defendant's Motion for Summary Judgment (ECF No. 55) be granted and that this case be dismissed in its entirety.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:  August ___, 2016

                                                                                                                                _____
                                                                                                                               TIMOTHY P. GREELEY
                                                                                                                               UNITED STATES MAGISTRATE JUDGE